IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 15, 2005

## BYAS WOFFORD, IV v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-04-22    Donald H. Allen, Judge**

**No. W2005-00116-CCA-R3-PC  - Filed December 8, 2005**

The petitioner, Byas Wofford, IV, stands convicted of five counts of identity theft, one count of forgery in an amount over $1,000, and one count of forgery.  Pursuant to his plea agreement, the petitioner pleaded guilty to these seven offenses and received an effective 12-year sentence to be served as a Range III persistent offender.  In the instant appeal, the petitioner challenges the post-conviction court's denial of his post-conviction petition, alleging that he received ineffective assistance of counsel and that as a result, his guilty pleas were involuntarily and unknowingly made. After a thorough review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the Appellant, Byas Wofford, IV.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

At the petitioner's plea submission hearing, the state offered the following factual basis in support of the petitioner's convictions:

[I]n the fall of 2002[,] Mr. Wofford was working at the Amoco on Oilwell Road.  An individual came in the store, and they kind of got to know each other, although he didn't know his name – just as – by the name of "Ice."  And that individual offered to buy credit card numbers from Mr. Wofford who was working at the store.  Mr. Wofford gave him two numbers, one for a woman [whose credit

card number] he did not want to use [himself] because it was a woman's number, and then one from a man, Mr. Larry Coker, which that individual did buy from Mr. Wofford for $250.00. This is all according to Mr. Wofford's statement that he gave to the Sheriff's Department.

Mr. Wofford used that credit card number on five different occasions. Count 1, September 12; Count 2, September 6; Count 3, October 9; Count 4, October 17; and Count 5, October 15, 2002. He used those to make long distance calls, to buy merchandise. I think it was used at Outback and various places here in town, the total amount being $860.58, and he used those – that credit card number which is an identification of Mr. Coker and he did transfer that without lawful authority and with the intent to commit or otherwise facilitate the unlawful activity he was carrying on. All of these offenses occurred in Madison County, Tennessee.

As I stated, Mr. Wofford was developed as a suspect and did give a statement in November of last year to the Madison County Sheriff's Department in which he admitted to doing these things and how he had come in contact with the number because Mr. Coker had been a customer of Amoco. And he obtained the number while employed there.

The petitioner was represented by appointed counsel from the Madison County Public Defender's Office during the course of his trial preparations and plea negotiations. However, petitioner's counsel was unable to attend his plea submission hearing, and therefore another attorney from the Madison County Public Defender's Office appeared with the petitioner during his plea submission hearing.

During the hearing, the court advised the petitioner of all applicable rights that he was waiving by choosing to enter a guilty plea, as well as the nature of the sentences the petitioner could receive if convicted at trial. The petitioner responded affirmatively that he was aware of the nature of the rights that he was waiving and the nature of his possible aggregate sentence. Additionally, the petitioner affirmed that he was satisfied with his counsel's performance and that he had no objection to the substitution of counsel during his plea submission hearing.

The petitioner was then convicted of six Class D felonies and one Class E felony, specifically, five counts of identity theft, one count of forgery in an amount over $1,000, and one count of forgery. After approving his plea agreement, the court ordered the petitioner to serve concurrent sentences of 12 years for each of his six Class D felonies and six years for his Class E felony, rendering an effective 12-year sentence to be served as a Range III persistent offender.

Thereafter, the petitioner sought post-conviction relief, and after finding that the petitioner had alleged a colorable claim, the post-conviction court conducted an evidentiary hearing. At the hearing, the petitioner and his former counsel testified. Counsel testified that she represented the petitioner on the instant charges and successfully negotiated a plea agreement on his behalf.

Counsel testified that the petitioner was initially reluctant to accept the state's plea agreement offer and that in her experience, most defendants registered a similar amount of initial reluctance. However, the petitioner voluntarily and knowingly accepted the plea offer, which counsel believed to be a good offer because the offer would allow the petitioner to serve a lesser sentence as a lower classification of offender than he could face if he was tried and subsequently sentenced by the trial court. Counsel also testified that she fully advised the petitioner of the terms and conditions of the plea agreement offer. However, she could not recall why she was unable to attend the petitioner's plea submission hearing.[1]

The petitioner testified that he expected his counsel to appear at his plea submission hearing and that he was surprised and upset by the appearance of substitute counsel. He further testified that he pleaded guilty because he was apprehensive about proceeding to trial when represented by unfamiliar counsel.

The post-conviction court then made its findings of fact and conclusions of law. The court accredited counsel's testimony and found that counsel had met with the petitioner during the course of her representation, had brokered a plea agreement offer favorable to the petitioner, and had reviewed the terms and conditions of that offer with the petitioner prior to his decision to accept the offer. Furthermore, after reviewing the transcript of the petitioner's plea submission hearing, the court found that the petitioner understood the nature of his plea agreement and that he pleaded guilty to the instant offenses knowingly, intelligently, and voluntarily. Accordingly, the court determined that the petitioner had failed to demonstrate that he received ineffective assistance of counsel and that his guilty pleas were not knowingly, intelligently, and voluntarily made.

The post-conviction petitioner bears the burden of establishing, at the evidentiary hearing, his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (2003). Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *Hodges v. S. C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). An appellate court is bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

The Sixth Amendment of the United States Constitution and Article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975). When a defendant claims ineffective assistance of counsel, the standard applied by the courts of Tennessee is "whether the advice given or the service rendered by the attorney is within the range of competence demanded by attorneys in criminal cases." *Hicks*, 983 S.W.2d at 245.

---

[1] At the time of the post-conviction hearing, counsel was no longer an employee of the Madison County Public Defender's Office, where the petitioner's file was located. She was unable to retrieve and review the file prior to the hearing.

In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), the United States Supreme Court defined the Sixth Amendment right to effective assistance of counsel. First, the defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he or she was not functioning as "counsel" guaranteed by the Constitution. *Id.* at 687, 104 S. Ct. at 2064. Second, the petitioner must show that counsel's performance prejudiced him and that the errors were so serious as to deprive the defendant of a fair trial and call into question the reliability of the outcome. *Id.*, 104 S. Ct. at 2064.

A reviewing court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. *Id.* at 695, 104 S. Ct. at 2070. The petitioner must demonstrate that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*, 104 S. Ct. at 2070.

On appeal, the petitioner merely alleges that his counsel was ineffective by failing to adequately investigate the facts of his case, an allegation unsupported by any testimony or evidence introduced at his post-conviction evidentiary hearing. Furthermore, the petitioner fails to cite to the record when making his argument, and accordingly has waived his argument for consideration. *See* R. Ct. Crim. App. Tenn. 10(b) ("Issues which are not supported by . . . appropriate references to the record will be treated as waived by this court.").

We nevertheless hold that the petitioner is not entitled to relief. As noted above, the post-conviction court accredited counsel's evidentiary hearing testimony and determined that counsel adequately advised the petitioner of the terms and conditions of his plea agreement offer, and we conclude that the evidence does not preponderate against the court's findings. Furthermore, we note that the evidence reflects that the state could have sought to have the petitioner classified as a Range IV career offender, rather than his agreed status as a Range III persistent offender. Moreover, if the petitioner had elected to proceed with his trial, had been convicted of his indicted offenses, and had been classified as a Range III persistent offender, the petitioner nevertheless could have received an effective 78-year sentence if the sentencing court elected to run the petitioner's six Class D felonies and one Class E felony sentences consecutively, a potential outcome when considering the petitioner's extensive criminal history. Accordingly, we conclude that counsel offered competent advice when advising the petitioner to accept the state's plea offer.

In conclusion, the petitioner has not demonstrated that he received ineffective assistance of counsel or that his guilty pleas were involuntarily made.

_____
JAMES CURWOOD WITT, JR., JUDGE